UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CREDIT UNION CHECKING ACCOUNT
OVERDRAFT LITIGATION                                                MDL No. 2684


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff in an action (*Towner*) pending in the Southern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of eleven actions pending in ten districts, as listed on Schedule A.[1] All plaintiffs, all of whom (including the *Towner* plaintiff) are represented by the same two law firms, support centralization. All defendants, which are various credit unions, oppose centralization.

On the basis of the papers filed and the hearing session held, we deny the *Towner* plaintiff's motion. These eleven actions share the allegation that defendants all operate unlawful overdraft programs that use an account's "available balance" rather than its actual balance in determining whether a given transaction triggers the assessment of an overdraft fee against the account holder.[2] And all plaintiffs contend that this practice is contrary to defendants' member agreements and marketing materials. But each action is brought against a different credit union on behalf of a different class. There is no overlap among the plaintiffs, the defendants, or the putative classes. Discovery in each action will be chiefly, and perhaps even entirely, unique to that action.[3] Furthermore, the actions, which moving plaintiff describes as essentially breach of contract cases, are brought under the laws of at least nine states. In sum, there appears to be little or no risk of duplicative discovery or conflicting pretrial rulings on discovery disputes, class certification, or other matters. To the extent, if any, that discovery in these actions may overlap, informal coordination appears practicable, especially given that all plaintiffs are represented by the same two law firms,

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] The Panel has been informed of four additional related federal actions.

[2] As described by the *Towner* plaintiff, the available balance is the actual balance minus anticipated future debits and credits (which may or may not occur).

[3] The record is unclear whether any of these cases will require much discovery beyond the production of each defendant's member agreements and related materials, and perhaps the depositions of a few of each defendant's employees.

-2-

seven of the eleven defendants are represented by a single law firm, and the other four defendants are coordinating their defense.[4]

Although the *Towner* plaintiff relies heavily on the Panel's June 2009 order centralizing MDL No. 2036, In re: Checking Account Overdraft Litigation,[5] we are not convinced that decision supports creating the MDL proposed here. The Section 1407 motion in MDL No. 2036 was largely unopposed, and, in fact, was supported by the two principal defendant banks, which were sued in four of the five constituent actions. A review of the briefs submitted in connection with that motion indicates that no party raised serious concerns regarding the potential scope of the MDL or the logistical and other difficulties that might arise if the litigation expanded, as it did, to include numerous other unrelated financial institutions. And, although the MDL has proceeded successfully under the able supervision of the Honorable James Lawrence King,[6] we note that the Panel, after consulting with Judge King, ceased transferring tag-alongs to it in September 2011. In doing so, the Panel concluded that the continued inflow of new actions "threaten[ed] to significantly hinder the resolution of the already-centralized actions."[7]

Here, even if other grounds did not already strongly weigh against centralization, the possibility that this litigation could expand substantially counsels caution. According to the *Towner* plaintiff, there are approximately 6,000 credit unions across the country. Because it is unclear how many of them utilize an overdraft program like those allegedly used by the eleven defendants named in these actions, the possibility that the scope and complexity of this proposed MDL could expand beyond the bounds of manageability also influences our decision against centralization.

---

[4] *See In re: TD Bank, N.A., Gift Card Fees Litig.*, 703 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010) (denying centralization, where, *inter alia*, the putative classes did not overlap and plaintiffs were represented by common counsel).

[5] *In re: Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009).

[6] Only a handful of actions remain pending in the centralized proceedings.

[7] *In re: Checking Account Overdraft Litig.*, 818 F. Supp. 2d 1373, 1374 (J.P.M.L. 2011).

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: CREDIT UNION CHECKING ACCOUNT
OVERDRAFT LITIGATION                                          MDL No. 2684

## SCHEDULE A

Eastern District of California

MORALEZ v. KERN SCHOOLS FEDERAL CREDIT UNION,
    C.A. No. 1:15-01444
THOMAS-ORTEGA v. MERIWEST CREDIT UNION,
    C.A. No. 2:15-02215

District of District of Columbia

CHAMBERS v. NASA FEDERAL CREDIT UNION,
    C.A. No. 1:15-02013

Middle District of Florida

FRY v. MIDFLORIDA CREDIT UNION,
    C.A. No. 8:15-02743

Southern District of Illinois

TOWNER v. 1ST MIDAMERICA CREDIT UNION, ET AL.,
    C.A. No. 3:15-01162

District of Maryland

KETNER v. STATE EMPLOYEES CREDIT UNION OF MARYLAND, INC.,
    C.A. No. 1:15-03594

Western District of Michigan

PINKSTON-POLING v. ADVIA CREDIT UNION,
    C.A. No. 1:15-01208

Western District of Missouri

BOWENS v. MAZUMA FEDERAL CREDIT UNION, ET AL.,
    C.A. No. 4:15-00758

- A2 -

**MDL No. 2684 Schedule A (Continued)**

<u>District of Nevada</u>

GUNTER v. UNITED FEDERAL CREDIT UNION, ET AL.,
    C.A. No. 3:15-00483

<u>Eastern District of New York</u>

MCDERMOTT v. BETHPAGE FEDERAL CREDIT UNION, ET AL.,
    C.A. No. 2:15-05922

<u>Western District of Washington</u>

WODJA v. WASHINGTON STATE EMPLOYEES CREDIT UNION, ET AL.,
    C.A. No. 3:15-05693